UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PATRICIA S.-B.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. C20-6077-SKV

ORDER REVERSING THE
COMMISSIONER'S DECISION

Plaintiff seeks review of the denial of her applications for Supplemental Security Income and Disability Insurance Benefits.  Having considered the ALJ's decision, the administrative record ("AR"), and all memoranda of record, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**BACKGROUND**

Plaintiff was born in 1957; has a high school diploma and additional training in medical billing/coding and transcription; and has worked as a cashier, sorter/pricer, kitchen aide, production line assembler, caregiver, quality inspector, bartender/cook, janitor, housekeeper, and medical office administrative assistant.  AR 345, 364.  Plaintiff was last gainfully employed in April 2018.  AR 364.

In August 2018, Plaintiff applied for benefits, with an amended alleged onset date of June 1, 2018.  AR 62, 283-302.  Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing.  AR 197-200, 203-10.  After the ALJ conducted a hearing in February 2020 (AR 102-56), the ALJ issued a decision finding Plaintiff not disabled.  AR 62-71.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**:  Plaintiff has not engaged in substantial gainful activity since the amended alleged onset date.

**Step two**:  Plaintiff has the following severe impairments: major depressive disorder, bipolar disorder, post-traumatic stress disorder ("PTSD"), and generalized anxiety disorder.

**Step three**:  These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity**:  Plaintiff can perform a full range of work at all exertional levels, with the following non-exertional limitations: she can understand, remember, and apply short, simple instructions; perform routine tasks not in a fast-paced production-type environment; make simple decisions; and have occasional interaction with the general public.

**Step four**:  Plaintiff can perform her past relevant work as a small products assembler and is therefore not disabled.

AR 62-71.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision.  AR 2-7.  Plaintiff appealed the final decision of the Commissioner to this Court.  Dkt. 4.

//

//

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, App. 1.

1

**LEGAL STANDARDS**

2

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social

3 security benefits when the ALJ's findings are based on harmful legal error or not supported by

4 substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir.

5 2005). As a general principle, an ALJ's error may be deemed harmless where it is

6 "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104,

7 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to

8 determine whether the error alters the outcome of the case." *Id.*

9

Substantial evidence is "more than a mere scintilla. It means - and means only - such

10 relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

11 *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d

12 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving

13 conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v.*

14 *Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record

15 as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the

16 Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is

17 susceptible to more than one rational interpretation, it is the Commissioner's conclusion that

18 must be upheld. *Id.*

19

**DISCUSSION**

20

Plaintiff argues that the ALJ erred in assessing certain medical opinions, and also

21 contends that the Commissioner's authority to adjudicate her claim was constitutionally

22 defective. The Commissioner argues the ALJ's decision should be affirmed because it is free of

23

harmful legal error and supported by substantial evidence, and that any constitutional defect does not require remand.

### A.    The ALJ Erred in Assessing the Medical Opinion Evidence

Plaintiff's record contains DSHS opinions written by two examining psychologists, Steven Olmer, Ph.D., and Terilee Wingate, Ph.D., and one non-examining psychologist, Luci Carstens, Ph.D.  AR 452-56, 485-87, 566-73.  The ALJ addressed these opinions in the same paragraph, finding the opinions to be unpersuasive because they pertain to Plaintiff's eligibility for DSHS benefits and because the disabling limitations they describe are inconsistent with the many normal findings and evidence of improvement documented in the longitudinal record.  AR 69 (citing AR 543, 591, 628 (duplicate of 543), 618, 638, 683, 739, 763 (duplicate of 739), 871 (duplicate of 739)).  Plaintiff contends that the ALJ's assessment of the DSHS opinions is legally inadequate.

### 1.    Legal Standards

In assessing Plaintiff's 2018 application for benefits, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported by and consistent with the record. 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c). The Commissioner argues that the regulations promulgated in 2017 changed the legal standards previously articulated by the United States Court of Appeals for the Ninth Circuit.  *See* Def. Resp. Br. (Dkt. # 24) at 9-11.  Under current Ninth Circuit precedent, an ALJ must provide "clear and convincing" reasons to reject an uncontradicted opinion from a treating or examining doctor, and "specific and legitimate" reasons to reject a contradicted opinion from such doctor. *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995).  The Ninth Circuit has not yet addressed the 2017 regulations in relation to its standards for the review of medical opinions.  It is not, in

1    any event, clear that the Court's consideration of the adequacy of an ALJ's reasoning under the

2    new regulations would differ in any significant respect.  The new regulations still require ALJs to

3    explain their reasoning with specific reference to how they considered the supportability and

4    consistency factors, 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b), and that reasoning must

5    remain legitimate.  *See Thomas S. v. Comm'r of Social Sec.*, No. C20-5083 RAJ, 2020 WL

6    5494904, at *2 (W.D. Wash. Sept. 11, 2020).  The Court must, moreover, continue to consider

7    whether the ALJ's analysis has the support of substantial evidence.  *Ford v. Saul*, 950 F.3d 1141,

8    1154 (9th Cir. 2020).  With these regulations and considerations in mind, the Court proceeds to

9    its analysis of the medical evidence in this case.

10                    2.        *The ALJ Erred in Assessing the DSHS Opinions*

11           Plaintiff argues that the ALJ cherry-picked normal findings out of a longitudinal record

12    that generally shows ongoing severe symptoms of depression, anxiety, PTSD, and obsessive-

13    compulsive disorder.  Dkt. 28 at 14.  The Court agrees: nearly all of the evidence the ALJ cites

14    references normal cognitive findings (related to speech, thought process, concentration, memory,

15    insight, and judgment), and yet also references severe psychological symptoms such as daily

16    crying, isolating, paranoia, hallucinations, and/or the inability to live independently without

17    support.  *See, e.g.*, AR 543, 591, 638, 683, 739.  Similar severe symptoms are referenced

18    throughout the longitudinal record as well, and the ALJ thus failed to account for the full context

19    of the treatment notes, when referencing only the few normal findings contained therein while

20    ignoring the abnormalities.  *See Reddick v. Chater*, 157 F.3d 715,722-23 (9th Cir. 1998) ("In

21    essence, the ALJ developed his evidentiary basis by not fully accounting for the context of

22    materials or all parts of the testimony and reports.  His paraphrasing of record material is not

23    entirely accurate regarding the content or tone of the record.").

Furthermore, even though the examining psychologists listed multiple disabling adaptation, social, and behavioral limitations in their opinions, they also documented multiple normal objective cognitive findings in mental status examinations.  *See* AR 455-56, 569-70. That other providers documented normal cognitive findings during appointments (as emphasized by the ALJ) would not necessarily contradict the examining psychologists' conclusions, given that the examining psychologists concluded that Plaintiff experienced many non-cognitive limitations.  *See* AR 454, 568-69.  For these reasons, the Court finds that the ALJ erred in finding that the psychological opinions were inconsistent with the longitudinal record and in discounting the opinions on that basis.

The ALJ's other reasons to discount these opinions also fail.  First, the ALJ accurately noted that Drs. Olmer, Wingate, and Carstens did not have access to the entire longitudinal record, but this does not explain why their opinions were less persuasive, given that there was no treating source opinion on the issue.  It may be reasonable to prefer the opinion of a source more familiar with Plaintiff's record (see 20 C.F.R. §§ 404.1520c(c), 416.920c(c)), but where there was no opinion written by a more familiar source in the record, this rationale does not legitimately justify discounting the disputed opinions here.  *See, e.g.*, *Anthony F. v. Comm'r of Social Sec.*, 2019 WL 7819258, at *5 (E.D. Wash. Jun. 14, 2019) (finding an examiner's lack of familiarity with the record and one-time encounter with the claimant are not valid reasons to discount the examiner's opinion in favor of non-examining, non-treating source opinions).

Next, the ALJ states generally that DSHS opinions focus on certain limitation categories that do not correspond to Social Security categories, but the ALJ does not identify any particular distinction between the two programs. AR 69.  The ALJ goes on to admit that the opinions are relevant to his inquiry because "they contain assessments that are useful for determining

[Plaintiff's] functional ability[.]" AR 69. Although it may be true, as the Commissioner emphasizes (Dkt. 37 at 18), that another agency's disability determination would not be binding on the ALJ, Plaintiff does not contend that any eligibility determination should have bound the ALJ. Instead, Plaintiff argues that the ALJ was required to provide legally sufficient reasons to discount the medical opinions. *See* Dkt. 28 at 12-17. In light of Plaintiff's contentions and the ALJ's acknowledgment that the opinions are relevant, the Court finds that the ALJ's focus on unspecified distinctions between the DSHS and Social Security programs does not constitute a specific reason to discount the opinions of Drs. Olmer, Wingate, and Carstens as to Plaintiff's functional limitations.

For the reasons explained herein, the Court finds that the ALJ failed to provide legally sufficient reasons to support his assessment of the medical opinions, and therefore the ALJ must reevaluate the opinions of Drs. Olmer, Wingate, and Carstens on remand.

**B.      Scope of Remand**

Although Plaintiff requests, in the alternative, a remand for a finding of disability (Dkt. 28 at 1-2, 18), Plaintiff makes no attempt to show that this extraordinary remedy would be appropriate here. *See Leon v. Berryhill*, 880 F.3d 1044, 1045 (9th Cir. 2017) ("An automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule."). Thus, the Court orders that this case be remanded for further administrative proceedings. Given this disposition, the Court need not address Plaintiff's argument (Dkt. 28 at 4, 18) that this matter should also be remanded for further proceedings on constitutional grounds. *See Copeland v. Ryan*, 852 F.3d 900, 905 (9th Cir. 2017) (declining to address claim of error based on constitutional grounds where case could be resolved on another ground).

**CONCLUSION**

For the reasons set forth above, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

Dated this 27th day of October, 2021.


S. KATE VAUGHAN
United States Magistrate Judge

ORDER REVERSING THE COMMISSIONER'S
DECISION - 8